SAMUEL, Judge.
Plaintiff brought this suit to recover damages to his automobile and, as administrator of the estate of his minor son, for the boy’s personal injuries, both resulting from a collision with a car driven by Mrs. J. Davis Bellou. The three defendants, Mrs. Bel-lou, her husband, and his liability insurer, answered denying negligence on their part and alternatively pleading contributory negligence on the part of plaintiff’s son, driver of the. plaintiff vehicle. After trial there was judgment in favor of defendants, dismissing plaintiff’s suit. Plaintiff has appealed.
The collision occurred during the afternoon of December 28, 1964 on Veterans Highway in the Parish of Jefferson approximately one and one-half to two and one-half blocks east, or toward New Orleans, *887 from that highway’s intersection with Williams Boulevard. The highway consists of four traffic lanes, two on each side of a neutral ground. Both vehicles were traveling in the right or outside lane toward New Orleans with the plaintiff vehicle in the lead. The defendant car had been fourth in line behind the plaintiff automobile but at the time of the accident there were no other vehicles separating the two. Young Rieffel intended to make a right turn from the highway into a parking lot in front of a hardware store. He began, but did not complete, the turn. Because of another vehicle which was stopped in the roadway leading to the hardware store, the plaintiff automobile was practically stopped with its rear protruding into the right traffic lane of the highway. While in that position it was struck in the left rear by the defendant car which had been traveling at a speed of approximately 30 miles per hour.
In this court plaintiff contends the accident was caused solely by the negligence of the defendant driver in following too closely for safety and in failing to keep a proper lookout under the circumstances. Defendants contend their driver was without negligence and, alternatively, that young Rieffel was guilty of contributory negligence in allegedly failing to observe if he could make the turn in reasonable safety and in allegedly failing to signal his intention to turn. As was done by the trial court, we deem it proper to consider first the question of contributory negligence. If young Rieffel was guilty of negligence which proximately caused the accident, plaintiff cannot recover regardless of whether or not there was negligence on the part of the defendant driver.
During the course of the trial seven witnesses testified relative to the manner in which the accident happened. In some material respects 'their testimony is conflicting. However, we find no error in the trial court’s conclusions as to the facts. Those conclusions, insofar as they are material to the question of the plaintiff driver’s negligence and as we understand them from the trial court’s reasons for judgment, are:
At the time of the accident young Rieffel was 16 years of age; he did not have a driver’s license and his driving had been confined largely to the area around his home. He had been traveling at a speed of between 35 and 40 miles per hour and gradually began slowing that speed at a distance of only one-half block from his point of turning. He either failed to observe following traffic or, if he did make such an observation through his rear view mirror, persisted in turning when he knew, or should have known, the turn could not be made safely. In addition, he failed to give any signal indicating his intention to turn.
Under these conditions we are satisfied, as was the trial judge, that young Rieffel was guilty of contributory negligence which was a proximate cause of the accident. Applicable here is LSA-R.S. 32:104, which reads as follows:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upoo the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
C. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.” LSA-R.S. 32:104.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.